ORIGINAL

FILED
U.S. DISTRICT COURT

2011 JAN 31 PM 2:48

CLERK _L. Jackson_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD MCCRIMMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-074 |
| | ) | |
| JOSEPH I. MARCHANT, JASON O. | ) | |
| WATERS, and TELFAIR COUNTY, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.   BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Joseph I. Marchant, Plaintiff's former attorney; (2) Jason O. Waters, an Assistant District Attorney in Georgia's Oconee Judicial Circuit; and (3) Telfair County, Georgia. (Doc. no. 1, p. 1.)

Plaintiff alleges that he was charged by the State of Georgia (the "State") with

possession with the intent to distribute illegal drugs, following which the State seized several items from Plaintiff, including three automobiles, a "club golf car cart," and nine hundred and two dollars in cash. (Doc. no. 1, p. 7.) According to Plaintiff, while he was in the State's custody, the United States federal government decided to prosecute the offense. (Id.) Plaintiff maintains that following his conviction on the federal charges, he was sentenced to eighty-four months in prison on February 19, 2008. (Id.) Plaintiff also states that the State dismissed its charges against him, but never turned over the property it had seized to the federal government. (Id.)

Plaintiff further alleges that on June 24, 2009, an order of consent to the forfeiture of Plaintiff's property was presented to the Telfair County Superior Court in Telfair County, Georgia.[1] (Id.) Despite the fact that Defendant Marchant appears to have consented to the order as Plaintiff's attorney, Plaintiff asserts that the "order was entered without the consent of Plaintiff or the Plaintiff's attorney-in-fact."[2] (Id.) Plaintiff also asserts that "there is no signature of [Plaintiff] or Plaintiff's attorney-in-fact to make [the order] a part of the record." (Id.)

Plaintiff contends that the seizure and retention of his property resulted in a violation

---

[1] Plaintiff attached a copy of this consent order to his complaint. (See doc. no. 1, pp. 10-12.) The order indeed appears to concern the property referenced by Plaintiff in his complaint, and apparently awards ownership of one of the vehicles to Plaintiff and provides that the remainder of the property "is hereby forfeited and shall become property of the state as provided for by Georgia law." (Id. at 10-11.) The order is signed by the Honorable Sarah Wall, Telfair County Superior Court Judge, and consented to by Defendant Waters as well as Defendant Marchant, who is listed as Plaintiff's attorney. (Id. at 11.)

[2] Additionally, the Court notes that Defendant Marchant served as Plaintiff's retained counsel in the federal criminal case against him. See United States v. McCrimmon, CR 308-001 (S.D. Ga. Feb. 23, 2009).

2

of his constitutional right to due process. (Id.) Plaintiff also contends that Defendant Marchant's actions with regard to the seizure of his property constitute a violation of his right to effective assistance of counsel. (Id. at 8.) Plaintiff requests that the Court grant him "equitable relief in the amount of five million dollars . . . for pain and suffering." (Id. at 4.)

## II. DISCUSSION

### A. No Violation of Due Process Right

The Eleventh Circuit Court of Appeals has explained that the State's seizure and retention of an individual's property does not give rise to liability under § 1983 "if a meaningful postdeprivation remedy for the loss is available." Lindsey v. Storey, 936 F.2d 554, 560 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). For example, where state law provides an adequate postdeprivation remedy for the loss of property, a § 1983 due process claim will not lie. Id. (holding that existence of Georgia state law claim for conversion of property precluded § 1983 due process claim against state officers for unlawfully seizing and retaining plaintiff's property); see also Morefield v. Smith, 2010 U.S. App. LEXIS 25279, at *3 (11th Cir. Dec. 9, 2010) (*per curiam*) (rejecting § 1983 due process claim against prison officials for seizure of plaintiff's property where plaintiff "had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property").

Here, Plaintiff has failed to state a § 1983 claim for violation of his due process rights because Georgia law provides an adequate postdeprivation remedy for the loss of his property. As noted by the Eleventh Circuit Court of Appeals in Lindsey, O.C.G.A. § 51-10-1 provides a postdeprivation remedy in the form of a statutory state law conversion action. 936 F.2d at 561. Moreover, this state law authorizes claims against state officials for wrongfully depriving

3

an individual of personal property. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (noting that O.C.G.A. § 51-10-1 constitutes "an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law"). Because Georgia law provides Plaintiff with an adequate postdeprivation remedy, Plaintiff's § 1983 due process claim for the wrongful seizure and retention of his person property should be dismissed for failure to state a claim upon which relief may be granted.

**B.     Failure to State a § 1983 Claim Against Defendant Marchant**

In addition, Plaintiff fails to state a claim against Defendant Marchant because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff, Defendant Marchant was simply acting as Plaintiff's counsel in a proceeding that resulted in the forfeiture of Plaintiff's property, and thus is not a "person acting under color of state law." Therefore, Plaintiff's allegations against Defendant Marchant fail to state a claim for relief under § 1983.

### C. Failure to State a § 1983 Claim Against Defendant Telfair County

Apart from failing to state a due process claim for the reasons stated above, see supra Part II.A, Plaintiff's allegations against Defendant Telfair County do not meet the requirements for stating a § 1983 claim against a municipality. "Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of § 1983, and subject to liability, [Plaintiff] cannot rely upon the theory of *respondeat superior* to hold [a county] liable." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Monell v. Dep't of Soc. Servs. 436 U.S. 658, 692, (1978)). "Rather, only deprivations undertaken pursuant to governmental custom or policy may lead to the imposition of governmental liability." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001); see also L.A. County v. Humphries, 131 S. Ct. 447, 449 (U.S. 2010) ("[C]ivil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom."). Liability may also be imposed on a governmental entity based on a custom that may be viewed as "a widespread practice that, although not authorized by written law or express governmental entity policy, is so permanent and well settled as to constitute a custom or usage with the force of law"; failing to correct actions of employees that amount to constitutional violations can also be considered a custom or policy if "the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." Griffin, 261 F.3d at 1308 (internal citations omitted); see also Cagle v.

Sutherland, 334 F.3d 980, 986 (11th Cir. 2003) (*per curiam*) (requiring culpability and direct causal link between municipal action and violation of federal rights to impose municipal liability).

Here, Plaintiff does not make any allegations supporting the inference that the type of governmental custom or policy exists that is necessary to state a § 1983 claim against Defendant Telfair County. Because Plaintiff does not allege the requisite causal link between the actions of Defendant Telfair County and the alleged violation of his constitutional rights, he has failed to state a claim against Defendant Telfair County.

### D. Defendant Waters Is Entitled to Prosecutorial Immunity

Even if Plaintiff's due process claim were not subject to dismissal for the reasons stated above, see supra Part II.A, his claim against Defendant Waters would be subject to dismissal because Defendant Waters' role as a prosecutor entitles him to immunity. "In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) (quoting Van de Kamp v. Goldstein, ___ U.S. ___, 129 S. Ct. 855, 860 (2009)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Id. (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citation omitted).

Here, Defendant Waters' actions with respect to the forfeiture of Plaintiff's property were taken pursuant to his role as a prosecuting attorney. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 700 (1965) ("[A] forfeiture proceeding is quasi-criminal in

character."). Moreover, the actions taken by Defendant Waters with respect to the forfeiture of Plaintiff's property were taken in conjunction with the State's prosecution of Plaintiff for violations of its drug laws, regardless of whether the State chose not to pursue its charges against Plaintiff following the federal government's decision to prosecute him.[3] (See doc. no. 5, p. 3.) Accordingly, Defendant Waters' is entitled to prosecutorial immunity for Plaintiff's claims against him. Cf. Moorer v. Alabama, 1992 U.S. Dist. LEXIS 15278 (S.D. Ala. Sept. 22, 1992) (recommending dismissal of § 1983 due process claim against state prosecutor on prosecutorial immunity grounds), aff'd, 1992 U.S. Dist. LEXIS 15286 (S.D. Ala. Oct. 5, 1992).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]The order resulting in the forfeiture of Plaintiff's property was entered pursuant to O.C.G.A. § 16-13-49, which authorizes the State to bring actions for the forfeiture of property that is substantially connected to a controlled substance crime. (See doc. no. 1, p. 10 (consent order citing O.C.G.A. § 16-13-49).)