ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAR 18 P 12: 45

CLERK _____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DONALD MCCRIMMON,  )
　　　　　　　　　　)
　　　Plaintiff,　　)
　　　　　　　　　　)
v.　　　　　　　　　)　　CV 310-074
　　　　　　　　　　)
JOSEPH I. MARCHANT, et al.,  )
　　　　　　　　　　)
　　　Defendants.　)

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. In lieu of objections, Plaintiff filed a motion to dismiss, seeking dismissal of the above-captioned case without prejudice so that he may bring his claims in state court.[1] (Doc. no. 9.)

When Plaintiff first filed his lawsuit he was cautioned that the Prison Litigation Reform Act provides:

> that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions,

---

[1] In the R&R, the Magistrate Judge reasoned that Plaintiff failed to state a § 1983 claim for violation of his due process rights because Georgia law provides an adequate postdeprivation remedy for the loss of his property in the form of a statutory conversion action. (See doc. no. 7, pp. 3-4 (citing O.C.G.A. § 51-10-1).) In addition to requesting the dismissal of his case, Plaintiff appears to ask the Court's permission to allow him to proceed against Defendants in state court. (See doc. no. 9, p. 1.) While the Court makes no comment on the validity of any conversion action that Plaintiff may bring under Georgia law, Plaintiff should be aware that he does not need this Court's permission to file a case in state court.

while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

(Doc. no. 3, p. 2). Because of these requirements, Plaintiff was given an opportunity at that time to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1) and not be subjected to a "strike" under 28 U.S.C. § 1915(g). (Id. at 3.)

Plaintiff chose to proceed with his case. On January 31, 2011, the Magistrate Judge reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute and recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. (Doc. no. 7.) Plaintiff cannot now avoid a strike by voluntarily dismissing his case. As a result, Plaintiff's motion to voluntarily dismiss his case is **DENIED**. (Doc. no. 9.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's case is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 18th day of March, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE